

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL



This Opinion
Overrules Opinion
# O-2496

Department of Agriculture
Austin, Texas

Gentlemen:

Attention:  Mr. W. S. Bussey

Opinion No. O-2496-A
Re: Whether Article 1037 or
1042 of the Penal Code
is proper for filing com-
plaint for selling less
than quantity represented
of wood.

We have given careful consideration to the request contained in your letter of November 22, 1940, for a reconsideration of our Opinion No. O-2496 approved July 11, 1940, and holding that:

"Where a dealer sold and received payment for what he represented to be one cord of wood but which was found to be less than three-fourths of a cord, a complaint could not be filed under Article 1037, Vernon's Annotated Penal code, which relates to the use of false weights or measures, but should be filed under Article 1042, Vernon's Annotated Penal Code, which relates to the failure to regard proper units of measure."

We believe the reasoning of your letter of November 22, has merit, and, looking to the legislative history of Articles 1037 and 1042 of the Penal Code, we have reached a conclusion different from that contained in our original opinion.

In the 1911 Edition of the Penal Code (Branch) Article 990 reads as follows:

"If any person shall use a false balance, weight or measure in weighing or measuring anything whatever, purchased or sold by himself, or bartered, shipped or delivered by him for sale, or bartered, pledged, or given in payment, knowing the same to be false, and with intent to defraud, he shall be punished by fine not exceeding Three Hundred Dollars ($300.00)"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

In 1919 the law was changed by Section 23 of House Bill No. 249, Acts 1919, 36th Legislature, Page 244. This was codified as Article 992e in the 1922 Supplement of Vernon's Penal Code. Section 23 reads:

"Section 23, Any person, who by himself, or his employe, or agent, or as the employe or agent of another, shall use, in the buying or selling of any commodity, or retain in his possession a false weight or measure, or weighing or measuring instrument or shall offer or expose for sale, or sell, except as hereinbefore specifically allowed in this Act, or use or retain in his possession any weight or measure or weighing or measuring instrument which has not been sealed by a sealer within one year, or who shall dispose of any condemned weight or measure, or weighing or measuring instrument contrary to law, or any person, who, by himself, or his employe or agent, or as the employe or agent of another, shall sell or offer or expose for sale, or use or have in his possession for the purpose of selling or using, any device or instrument to be used to, or calculated to falsify, any weight or measure, and any person, who, by himself, or his employee, or agent, or as the employee or agent of another, shall sell or offer or expose for sale, any commodity, produce, article or thing in a less quantity than the true net weight, or true net measure thereof, or in a less quantity than he represents it to be or contain, shall be guilty of a misdemeanor. Possession of such false weights or measures or weighing or measuring instruments shall be prima facie evidence of the fact that they were intended to be used in the violation of law." (Underscoring ours.)

Note that we have underscored a portion of this enactment deemed significant which appeared in the Penal Code for the first time in 1919. This provision was omitted in the 1925 codification of the Penal Code which combined several previous articles, among them Articles 990 and 992e, to form Article 1037. At that time this Article read as follows:

"Any person, who, by himself, or his employee or agent, or as the employee or agent of another, shall use, in the buying or selling of any commodity, or retain in his possession, a false weight or measure, or weighing or measuring instrument, or shall offer or expose for sale, or sell, except

as specifically allowed by law, or use or retain in his possession any weight or measure or weighing or measuring instrument contrary to law, or by any person, who, by himself, or his employee or agent, or as the employee or agent of another shall sell or offer or expose for sale, or use or have in his possession for the purpose of selling or using, any device or instrument to be used to, or calculated to, falsify any weight or measure, shall be fined not less than $10.00 nor more than $200.00. Possession of such false weight or measures, or instruments shall be prima facie evidence of the fact that they were intended to be used in the violation of law."

In 1929 Article 1037 was again amended and this amendment changed the penalties provided in the 1925 Code and added in addition, the new significant language underscored:

"Any person, who, by himself or by his servant or agent of another person, shall offer or expose for sale, sell, use, or retain in his possession any false weights or measures, or weighing or measuring devices, in the buying or selling of any commodity or thing or in calculating or measuring service or in the determination of weight or measure when a charge is made for such determination, or who shall dispose of any condemned scales, weights, measures or weighing or measuring devices contrary to law; or who shall sell or offer or expose for sale less than the quantity he represents of any commodity, thing or service, or shall take or attempt to take more than the quntity he represents of any commodity, thing or service, when, as the buyer or weigher of any commodity, he furnishes the weight, measure, or weighing or measuring device by means of which the amount of any commodity, thing, or service is determined; or who shall sell or offer for sale, or use or have in his possession for the purpose of selling or using, any device or instrument to be used to or calculated to falsify any weight or measure; shall be guilty of a misdemeanor, and shall be punished by a fine of not less than $20 or more than $100, upon the first conviction in any court of competent jurisdiction; and upon a second or subsequent conviction in any court of competent jurisdiction he shall be punished by a fine of not less than $50 or more than $200." (Underscoring ours.)

We should look also to the legislative history of Article 1042 of the Penal Code. This article was derived from Section 7 of House Bill No. 247, Acts 1919, 36th Legislature, Page 235, and as originally enacted read:

"Whoever in buying any of the articles of property mentioned in Section 5 of this Act or mentioned in the Governor's proclamation defining what constitutes a unit in conformity with the provisions of Sections 5 and 6 of this Act, shall take any greater number of pounds thereof to the bushel, barrel or cubic yard, or divisible merchantable quantity of bushel, barrel, cubic yard or lineal yard, or in selling any of said articles, shall give any less number of pounds thereof to the bushel, barrel, cubic or lineal yard, or divisible merchantable quantity of a bushel, barrel, cubic or lineal yard than is allowed by this State, with intent to gain an advantage thereby, except where expressly authorized to do so by special contract or agreement to that effect, shall be liable to the party injured in double the amount of the property wrongfully taken, or not given, and in addition thereto, shall be guilty of a misdemeanor and upon conviction shall be fined in any sum not less than Twenty Dollars ($20.00), or more than Two Hundred Dollars ($200.00)."

The revision of 1925 supplied for the words "whoever in buying any article of property mentioned in Section 5 of this Act, or mentioned in the Governor's proclamation defining what constitutes a unit in conformity with the provisions of this Act, shall . . ." the words underscored in Article 1042 as it now reads:

"Whoever in buying any commodity or article of property, merchandise or produce, the standard weight of which per bushel or barrel, or divisible merchantable quantities of a bushel or barrel, or by the cord or ton or cubic yard, has been fixed by the laws of this State, shall take any greater number of pounds thereof to the bushel, barrel or cubic yard, or divisible merchantable quantity of bushel, barrel, cubic yard or lineal yard, or in selling any of the same, shall give any less number of pounds thereof to the bushel, barrel, cubic or lineal yard, or divisible merchantable quantity of bushel, barrel, cubic or lineal yard than is allowed by the laws of this State, with intent to gain an advantage thereby, shall be fined not less than twenty nor more than two hundred dollars."

We believe that in Article 1042 (1925, Penal Code) as originally enacted in 1919 and at the present time the only acts prescribed are the taking or giving of a less number of pounds to the bushel, barrel, cubic or lineal yard or divisible merchantable quantity of such measurements than is prescribed in the civil statutes as the correct unit pounds for each measurement, with intent to gain advantage thereby. While the 1925 codification may have attempted to remedy this situation by the addition of the words "or by the cord;" still, as the statute now reads, it prohibits only the giving or taking of a lesser or greater amount of a commodity when sold in standard units and when the "standard weight of which . . . by the cord . . . has been fixed by the laws of this State." The Legislature of this State has not yet undertaken to fix or determine the number of pounds in a cord of wood; nor to our knowledge is wood sold by the pound.

Adverting to Article 1037, we immediately sieze upon the words:

"Any person . . . who shall sell or offer or expose for sale less than the quantity he represents of any commodity . . . shall be guilty of a misdemeanor."

May these words which in 1929 appeared in Article 1037 for the first time since 1925 be so singled out, or should they be read as relating only to a sale with false measuring devices? We believe they prohibit the sale of a lesser amount of a commodity than as represented without respect to the use of false measuring devices. We believe this construction more consonant with the legislative intent, and this seems to be the construction adopted by our Court of Criminal Appeals in the case of Gandy v. State, (1940) 139 S. W.(2d) 275.

Consequently, in answer to your specific question you are advised that when a dealer in wood delivers to the purchaser a quantity of wood which he represents as being a cord and collects at his quoted price for a cord of wood and it is found upon measuring the same that less than three-fourths of a cord has been delivered, such dealer of wood may be proceeded against for a misdemeanor under Article 1037 of Vernon's Annotated Penal Code.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

James D. Smullen
Assistant

JDS:db
APPROVED FEB. 4, 1941

GERALD C. MANN

ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE

By: B. W. B., Chairman